# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0769V**

| | |
|---|---|
| VICKI LIPKA,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 26, 2026 |

*Nathan Joseph Marchese, Siri & Glimstad, LLP, Chicago, IL, for Petitioner.*

*Nathaniel Trager, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 5, 2025, Vicki Lipka filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination she received on October 14, 2023. Petition at 1. On April 29, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 30.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,819.30 (representing $48,898.00 in fees plus $1,921.30 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed May 18, 2026, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 34-4.

Respondent reacted to the motion on May 28, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 35. Petitioner filed a reply on June 4, 2026, requesting the fees and costs be warded as outlined in Petitioner's Motion for Attorney's Fees and Costs. ECF No. 36. Furthermore, Petitioner requests an additional $490.00 for time billed in preparation of Petitioner's Reply, making the total amount of attorneys' fees and costs requested $51,309.30. *Id.* at 7.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the hourly rates for attorney Nathan Marchese: $445.00 for all work performed in 2025 and the rate of $490.00 for all work performed in 2025. ECF No. 34-2 at 38. Additionally, for attorney John Beaulieu, Petitioner requests the rates of $311.00 for all work performed in 2024; the rate of $360.00 for all work performed in 2025; and the rate of $450.00 per hour for all work performed in 2026. *Id*.

The requested rates for Mr. Marchese have been previously awarded and shall be awarded herein. The requested rates for Mr. Beaulieu for 2024 and 2025 have also previously been awarded, however the requested rate for 2026, requires adjustment. Mr. Beaulieu was previously awarded $425.00 per hour for time billed in 2026. *See Sukhraj v. Sec'y of Health & Hum. Servs.,* No. 23-2176V, 2026 WL 1821373. (Fed. Cl. May 19, 2026). I find no reason to deviate from the previous determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Sukhraj.* **Application of the foregoing reduces the fees to be awarded herein by $2.50.**[3]

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 34-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $51,306.80 (representing $49,385.50 for attorneys' fees and $1,921.30 for**

[3] This amount is calculated as follows: ($450 - $425 = $25 x 0.10 hrs = $2.50).

**attorneys' costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.